HENRY P. HURLEY *vs.* PETER G. LAMOREAUX and others.

May 18, 1882.

**Action for Use and Occupation.**—An action in the nature of *assumpsit,* for use and occupation of real property, lies only where the relation of landlord and tenant subsists between the parties, founded on an agreement express or implied.   A trespasser cannot be converted into a tenant without his consent.

Appeal by defendants from an order of the district court for Hennepin county, *Young,* J., presiding, overruling their demurrer to the complaint.   The entire complaint is recited in the opinion, excepting the description of the real estate.

*McNair & Gilfillan,* for appellants.

*Robinson & Bartleson,* for respondent.

BERRY, J.   The complaint is that on May 1, 1881, the plaintiff "was, and ever since has been and now is, the owner in fee-simple" of certain described premises ; that defendants have used and occupied the same from said first day of May; and "that said use and occupation of said premises for said time was and is reasonably worth the sum of $800."   For this sum judgment is demanded.

This action is in the nature of *assumpsit* for use and occupation. It lies only where the relation of landlord and tenant subsists between the parties, founded on agreement express or implied.   Taylor on Landlord & Tenant, § 636; Abbott, Trial Ev. 351; *Carpenter* v. *United States,* 17 Wall. 489; *City of Boston* v. *Binney,* 11 Pick. 1; *Mayo.* v. *Fletcher,* 14 Pick. 525; *Ackerman* v. *Lyman,* 20 Wis. 454; *Holmes* v. *Williams,* 16 Minn. 164.   As the complaint contains no allegations of any facts showing that the relation of landlord and tenant subsisted between the plaintiff and defendant at the time of the alleged use and occupation, or any part thereof, it fails to state a cause of action, and defendants' demurrer was therefore well taken. The plaintiff appears to claim that he has framed his complaint upon the theory of waiving a tortious entry and occupation of the premises by defendant, and suing upon an implied contract to pay for use and

occupation. One obstacle in the way of this claim is that no tortious entry or occupation is in any way alleged. But the insuperable answer to it is found in the authorities above cited, which hold, in effect, that a trespasser cannot be converted into a tenant without his consent. In other words, to maintain an action for use and occupation, there must have been an agreement, express or implied, by which the relation of landlord and tenant is created between the parties. Privity of contract between them is indispensable.

Order reversed.