ROSE DELIMA BEGIN v. ROMAIN BEGIN.[1]

May 18, 1906.

Nos. 14,686, 14,706—(51, 52).

**Annuity—Mother's Services—Pleading.**

This is an action by a mother against her son to recover, first a balance of annuity; second, the value of the use of certain rooms on the ground of constructive eviction therefrom; and, third, for the value of services rendered by the plaintiff to the defendant. The plaintiff had a verdict on each cause of action. The trial court by its order conditionally granted defendant's motion for a new trial on the first cause of action, but denied it as to the other two. Evidence considered, and *held* that it sustains the order of the court as to all of the causes of action.

Cross appeals by plaintiff and defendant from an order of the district court for Hennepin county, Holt, J., denying a motion for judgment in favor of defendant notwithstanding the verdict, and denying a motion for a new trial upon condition that plaintiff consent to a reduction of the verdict to $1,255, after a trial and verdict in favor of plaintiff for $1,575. Affirmed upon both appeals.

*Hall & Kolliner,* for plaintiff.
*John R. Van Derlip,* for defendant.

[1] Reported in 107 N. W. 149.

START, C. J.

On August 22, 1900, Louis Begin, the husband of the plaintiff and the father of the defendant, died testate. He gave to the defendant by his will the residue of his estate, which included his homestead farm, subject to certain provisions for the support of the plaintiff during her life. They were, so far as here material, to the effect that the plaintiff should have, during her life, the use of any three rooms in the house on the homestead she might choose, to be kept warm, clean, and comfortable for her by the defendant, who was required to furnish her with proper meals, good clothes, medical and religious attendance, and give to her the best care to be expected from a good and devoted son, but if she at any time was not satisfied with the defendant in the respects stated, she should receive at her election the sum of $300 a year, besides the use of the rooms, if she chose to occupy them, to be paid to her in quarterly instalments of $75 in advance.

This action was brought upon three causes of action. The first was to recover the annuity from the death of the testator to the commencement of the action; the second was to recover for the use of the three rooms of which she alleged she had been deprived; and the third was to recover the value of services rendered by her to the defendant. The complaint alleged two other causes of action which are not here material. The jury returned a verdict for the plaintiff of $1,575, which was apportioned, as appears from their answers to special questions submitted to them, as follows: On the first cause of action, $850; on the second, $140; and, on the third, $585. Thereupon the defendant moved for judgment notwithstanding the verdict or for a new trial on each of the several causes of action. The trial court made its order granting a new trial as to the first cause of action unless the plaintiff filed her written consent to a reduction of the verdict in the sum of $320, and denying absolutely the defendant's motion as to the second and third causes of action. The plaintiff appealed from so much of the order as conditionally granted a new trial of the first cause of action, and the defendant appealed from so much of the order as denied his motion as to the second and third causes of action.

1. The first question to be considered is whether the trial court erred in granting conditionally the plaintiff's motion for a new trial on the first cause of action. It appears from the memorandum of the court

that the new trial was granted on the ground that there was no evidence in the case to justify a verdict for the plaintiff on the first cause of action in any sum in excess of $530. It is clear from the terms of the will that the plaintiff was not entitled to the annuity of $300 a year until such time as she elected to surrender the other alternative benefits stipulated in the will and accept the annuity and the use of the three rooms in lieu of them. She was entitled to such benefits and the use of the rooms or to the annuity and the use of the rooms as she might elect, but not to both the benefits and the annuity. The trial court was of the opinion, as stated in its memorandum, that

> It conclusively appears that plaintiff revoked her first written demand for annuity, and that no final election to take the same in lieu of the other provisions of the will was made till April 17, 1903, when the first instalment was paid.

The jury specifically found that the plaintiff did not revoke her first request for the payment of the annuity made November 20, 1901. We have examined the evidence on this question, and find that it is practically conclusive that the plaintiff did by her acts, revoke her first demand for the payment of the annuity, and that it was not until April 17, 1903, that she surrendered the benefits and elected to take the annuity in lieu thereof. The finding of the jury is clearly not sustained by the evidence, and the order of the court, as to the first cause of action, must be affirmed.

2. The defendant's assignments of error as to the second cause of action are to the effect that the trial court erred in refusing his request to direct a verdict in his favor as to the second cause of action; but if it be otherwise then the court erred in denying his motion for a new trial thereof because the verdict rendered is not justified by the evidence. If he was entitled to a directed verdict, it follows that he was entitled to judgment in his favor notwithstanding the verdict.

The defendant's first contention in this connection is that the second cause of action was to recover for the value of the use of the premises; that is, an action for use and occupation. Such an action lies only where the relation of landlord and tenant subsists between the parties founded on an agreement, express or implied. 1 Chitty, Pl. 106; Hurley v. Lamoreaux, 29 Minn. 138, 12 N. W. 447. If, then, the cause

of action alleged in the complaint was one for use and occupation, the defendant was entitled to an instructed verdict, for the evidence will not support a finding that the relation of landlord and tenant ever existed between the parties.

The plaintiff, however, does not base her claim to recover the value of the use of the rooms upon a use and occupation thereof by the defendant but upon a constructive eviction therefrom by the defendant. In the first subdivision of her complaint, relating to her first cause of action, the plaintiff alleges the obligation of the defendant to permit her to have the use of the rooms, and to keep them clean, warm, and comfortable for her use; and, further, that he forced her to leave them and wholly denied to her the use thereof. In the second subdivision of her complaint she reaffirms the allegations of the first subdivision, and makes them a part of the second one, and then alleges that the value of the use of the rooms is the sum of $10 per month, and that the defendant has appropriated the same to his own use for the term of twenty five months. No claim was made by demurrer, or otherwise, that there was a misjoinder of actions.

While the allegations of the complaint as to the claimed eviction are informal and irregular, yet construing them liberally, as they must be as against an objection raised for the first time after the trial, we are of the opinion that they are sufficient to support an action for a constructive eviction. It follows then that if there was any evidence fairly tending to support the claim of eviction the defendant was not entitled either to a directed verdict or a new trial as to this second cause of action.

While the terms of the will as to purposes for which the plaintiff was to have the use of the rooms are not specifically expressed, yet they are clearly implied from the language used. She was to have the use of the rooms and her board and clothes from the defendant or the use of the rooms and the annuity. The inference follows that the rooms were to be her home, and that when she elected to take the annuity instead of her board, clothes, and other benefits, she would have the right to arrange the rooms for housekeeping, including the cooking of her meals therein. If she could not do so she would be obliged to find a home elsewhere. She had, then, the right to have a cooking stove and other articles in the rooms essential for the preparation of her meals

and making the rooms a comfortable home for herself. There was evidence tending to show that the defendant not only refused to furnish the plaintiff with a cooking stove, but refused to permit her to put one in, and that for this reason she was obliged to find a home elsewhere. We are of the opinion that the evidence sustains the verdict as to the second cause of action.

3. The last contention of the defendant is that the verdict as to the third cause of action for services rendered by plaintiff to him, as housekeeper, is not sustained by the evidence. The finding that the services were rendered and were of the value found by the jury, is amply sustained by the evidence. They were, however, rendered by the plaintiff after the death of her husband, when the defendant became entitled to the homestead farm, and prior to his marriage in November, 1902, and while the parties were members of the same household in the relation of mother and son. Ordinarily, the presumption is that pecuniary compensation is not to be made for services by one member of a family to another. The basis of the rule is that in the family relation there is a mutual exchange of service and kindness which are not expected to be adjusted upon a money basis. The presumption may, however, be overcome by proof of an express agreement to pay for such services or of such facts and circumstances from which it reasonably may be inferred that it was understood and expected by both parties that pecuniary compensation should be made for the services. The strength of the presumption and the amount of evidence to overcome it depends upon the circumstances of each particular case. In this case, it is to be noted that the defendant was compensated in advance by the will of his father for any services he might render to his mother in caring for her comfort, and providing her with suitable food and clothes. Such being the case, the presumption is less strong than it would be if she had been dependent upon him. The instructions of the trial court to the jury on this issue were clear and correct, and the jury must have understood them, and while the evidence to overcome the presumption is not entirely satisfactory, yet a careful examination of the record leads us to the conclusion that the verdict is sustained by the evidence.

The order of the trial court is affirmed upon the appeal of each party.