ARCHIBALD D. McLEOD v. CHARLES D. MATTESON.[1]

July 20, 1906.

Nos. 14,849—(202).

**State Assignment Certificate.**

> A separate tax judgment was entered against each of several lots owned by the plaintiff, and each lot was separately offered for sale by virtue of the judgment and bid in by the state. The defendant purchased the right of the state in each of the lots, and the county auditor issued to him assignment certificates therefor, in each of which several of the lots were included. *Held*, construing section 1601, G. S. 1894, that the certificates are valid.

Appeal by plaintiff from a judgment of the district court for Dakota county, entered pursuant to the findings and order of Crosby, J. Affirmed.

[1] Reported in 108 N. W. 290.

*Charles W. Farnham,* for appellant.

*W. T. Goddard* and *Ambrose Tighe,* for respondent.

START, C. J.

Action to determine adverse claims to real estate. The complaint alleged that the plaintiff was the owner of a large number of lots, describing them, in McLeod's Park addition to South St. Paul, Dakota county, Minnesota, and that the defendant claimed some title to or interest in or lien thereon adverse to the plaintiff. The answer admitted and alleged that the plaintiff was the owner of the lots subject to a lien thereon in favor of the defendant by virtue of certain tax certificates of which he was the owner, and prayed judgment establishing his lien as paramount to the plaintiff's title.

The conceded facts, so far as here material, are substantially these: A separate tax judgment was entered against each of the lots, and each lot was separately offered for sale by virtue of the judgment against it, and separately bid in by the state for the want of other bidders. Thereafter, and before the right of redemption had expired as to any of the lots, the defendant or his predecessor in interest purchased the interest of the state in each lot; but the county auditor assigned in one certificate the state's rights to all of the lots which were in the same block to the purchaser for a sum equal to the aggregate amount due on the lots in such block.

The trial court, as a conclusion of law based upon such facts and the admission in the answer as to the plaintiff's title, ordered judgment to the effect that the plaintiff was the owner in fee of the lots, but that the defendant had a valid and subsisting lien thereon by virtue of his tax certificates. Judgment was so entered from which the plaintiff appealed. The error here alleged by the plaintiff is that the facts found by the trial court do not sustain its conclusion of law that the plaintiff has a lien upon the lots by virtue of his tax certificates.

It is claimed by the plaintiff that the assignment certificates to the defendant are void because a number of lots were included in the same certificate. The here material portion of the statute (G. S. 1894, § 1601), by virtue of which the assignment certificates were made, is this:

At any time after any piece or parcel of land shall have been bid in for the state, and before such piece or parcel of land shall

have become forfeited to the state, and while such piece or parcel of land shall remain unredeemed, the county auditor shall assign and convey the same, and all the right of the state in·any such piece or parcel of land acquired at such sale, to˙ any person, * * * who shall pay the amount for which the same shall have been bid in, with interest and the amount of all subsequent delinquent taxes, penalties, costs and interest upon the same; and shall execute to such persons a certificate or conveyance for each piece or parcel.

This statute permits the issuing of separate certificates to the assignee of the state for each separate piece of land as to which the state's interest is assigned. The question, however, is, must separate certificates be made in cases where the same party purchases the interest of the state in several separate pieces of land? Unless there is some good reason for giving the statute a technical construction, it is quite obvious that, where a party purchases the interest of the state in several separate pieces of land, they may be all included in one certificate, for it would be a certificate or conveyance for each piece. Clearly, a power of attorney authorizing the attorney to sell any piece of land in which the party executing the power has any interest, and to execute to the purchaser a conveyance for each piece or parcel sold, would not require a separate deed for each of the several pieces or parcels sold to the same purchaser.

Counsel for the plaintiff suggests that the reason why the statute should be construed as requiring a separate assignment certicate for each piece of land is that, if all the pieces were included in one certificate, the owner could not redeem them separately if he so desired, but must redeem all or none of them. Such would not be the result, for the record in the auditor's office would show a separate sale of each lot, and would not show the form of the assignment certificates. It may be conceded that separate certificates might be more convenient for the purchaser and the auditor in case of a redemption of a part of the lots and a foreclosure of the right as to the rest of them, but this could in no manner prejudice the owner. There is, then, no reason why a technical construction should be given to the statute by holding that it implies that a separate "certificate or conveyance for each piece or par-

cel" must be executed by the auditor to the assignee of the state. We accordingly hold that the defendant's assignment certificates were valid.

Judgment affirmed.