JOHN B. TRUDEAU v. ELIZABETH GERMANN and Others.[1]

June 21, 1907.

Nos. 15,241—(134).

**Mortgage—Extension of Time of Payment.**

Action to foreclose a real estate mortgage. The defense is the statute of limitations. The mortgagor, before any part of the debt secured by the mortgage matured, requested of and secured from the mortgagee a written contract, signed by him and accepted by the mortgagor, extending the time of payment of the debt to a time later than the one stated in the mortgage. The mortgagor in like manner obtained from the mortgagee from time to time similar contracts extending the time of the payment of the debt. Such extensions were so made at least one year before the prior extension had expired, so that at no time prior to the commencement of this action did the principal of the debt mature. *Held*, construing Laws 1901, p. 13, c. 11, that the statute of limitations commenced to run from the maturity of the debt, and not from the date of maturity as originally stated in the mortgage, and, further, that the contracts changing the date of maturity of the debt having been fully executed, no question of the statute of frauds arises in this case.

Actions in the district court for Ramsey county to foreclose two real-estate mortgages. The actions were tried together before Brill, J., who found in favor of plaintiff. From an order denying a motion for a new trial, defendant, Elizabeth Germann, appealed. Affirmed.

*Harry Weiss,* for appellant.

*Joseph T. Avery,* for respondent.

START, C. J.

These actions were commenced in the district court of the county of Ramsey, one on February 1, and the other on February 3, 1906, to foreclose two real estate mortgages given by and to the same party and on the same land to secure two notes, one for $1,000 and the other for $500, each due January 6, 1891. The defense in each case was the statute of limitations.

The actions were tried together in the district court; the evidence as to the defense being the same in each case. The trial court found

[1] Reported in 112 N. W. 281.

that the mortgagor, by his authorized agent, one year before the principal of the notes and mortgages became due, requested the mortgagee to extend the time for the payment of each of them to January 6, 1893; that the request was granted, and the time of payment of the mortgage debt was so extended by an indorsement on the notes and by a written contract to that effect, signed by the mortgagee and delivered to and accepted by the mortgagor; that thereafter in like manner the time for the payment of each mortgage and note was extended from time to time to January 6, 1907; that each of such extensions was made at least one year before the prior extension had expired, so that at no time did any extension fully mature before another one was made; and, further, that the annual interest was paid to January 6, 1905, but none has been paid since. The trial court from these facts found as a conclusion of law that the plaintiff was entitled to foreclose his mortgages and directed judgment accordingly. The defendant appealed from an order denying her motion for a new trial.

The assignments of error raise two questions:

First. Was the evidence to prove the extensions of time of payment of the mortgage debt before its maturity competent and sufficient?

Second. Did the statute of limitations commence to run from the date of the maturity of the notes and mortgages as originally stated therein, or from the date of maturity as fixed by the contracts of extension?

1. If competent, the evidence was unquestionably sufficient to sustain the finding of the trial court to the effect that the parties to the mortgages extended the date of their maturity from time to time; but counsel for the defendant insists that the contracts for the extension of the date of maturity of the mortgage in each case were within the statute of frauds, because they were not to be performed within one year and did not express any consideration therefor. The contracts were in writing, signed by the mortgagee, and delivered to the mortgagor at his request, and were accepted by him. The mortgagee and the mortgagor, respectively, performed the terms of the contract on his part. The consideration for the mortgagee's agreement to extend the time for the payment of the mortgage debt was the mortgagor's agreement, made by his requesting and accepting

the contract, to forego his right to pay the debt on the date originally agreed upon, and to keep the money and pay the interest thereon to the maturity date as provided by the contracts. Simpson v. Evans, 44 Minn. 419, 46 N. W. 908. Whether such consideration is sufficiently expressed on the face of the contracts we need not determine; for, after a contract has been fully executed, it is immaterial that it was not enforceable because the statute of frauds was not complied with in the making of it. Hamilton v. Hulett, 51 Minn. 208, 53 N. W. 364; Bibb v. Allen, 149 U. S. 481, 13 Sup. Ct. 950, 37 L. Ed. 819; Browne, St. Frauds, § 116.

This is not an action to enforce the contracts for an extension of the date of maturity of the mortgages, as they have already been executed, but an action to foreclose the mortgages, in which the defendant, the representative of the mortgagor, seeks to repudiate the executed contracts whereby the mortgagor at his request and for his benefit secured a postponement of the day of maturity of the mortgage debt for more than fifteen years after the date originally agreed upon, and thereby defeat the payment of the mortgage. The statute of frauds has no application to such a case, for, the contracts having been executed, they must be treated as valid.

2. This brings us to the question of the legal effect of such contracts for the extension of the date of payment of the mortgage on the commencement of the running of the statute of limitations. This action was commenced in February, 1906, and is ruled by the statute then in force (Laws 1901, p. 13, c. 11), which reads as follows:

> Every action to foreclose a mortgage heretofore or hereafter made upon real estate shall be commenced within fifteen years after the maturity of the whole debt secured by said mortgage, and said fifteen years shall not be enlarged or extended by reason of any nonresidence nor by reason of any payment or payments made or applied upon the debt secured by such mortgage after the maturity of such debt.

It will be observed that by the provisions of this statute the statute of limitations does not begin to run from the time when there is a default in the payment of any interest on the mortgage debt, nor from the maturity of the whole debt as stated in the mortgage (see Laws

1907, c. 197), but from the maturity of the whole debt secured by the mortgage. It is the contention of the defendant that the statute should be construed as if it read that every action to foreclose a mortgage shall be commenced within fifteen years after the maturity of the whole debt secured by the mortgage as stated in the mortgage, so that proposed purchasers of the mortgaged premises may by an examination of the record of the mortgage determine whether or not it is barred by the statute of limitations. If we were construing Laws 1907, c. 197, the suggestion might be a controlling factor in ascertaining the intention of the legislature. The statute, however, now under consideration, is so specific in its statement that the limitation begins to run from the maturity of the whole debt secured by the mortgage that we cannot by construction add the words "as stated in the mortgage."

The question, then, is: When did the whole debt secured by the mortgages in this case mature? It certainly did not mature at the time stated in the mortgage; for, before the debt matured by the terms of the mortgage, the time for its payment by the agreement of the parties was changed from time to time to a later date, so that at no time prior to the commencement of this action did the principal of the debt secured by the mortgage mature, and at no time could the mortgagee have maintained an action to foreclose his mortgage for nonpayment of the principal of the debt secured by the mortgage. It follows that this action to foreclose the mortgage is not barred.

Order affirmed.