## NANCY F. RADER v. ALBUS W. RADER.[1]

### June 4, 1909.

### Nos. 16,165—(110).

**Gift to Child — Burden of Proof.**

> In case of a gift from parent to child, or child to parent, the court will carefully scrutinize the transaction, but the presumption is in favor of its validity, and in order to set it aside on the ground of undue influence the court must be satisfied that it was not the voluntary act of the donor; the burden of establishing such fact being upon the party contesting the gift.

**Same — Finding Sustained by Evidence.**

> The finding of the trial court, to the effect that a surrender of a note and the release of a mortgage securing it, made by the plaintiff to her sons, were not obtained by undue influence, is sustained by the evidence.

Action in the district court for Hennepin county to cancel an assignment of a mortgage and to compel the redelivery of it and the mortgage and mortgage note. The case was tried before Frederick V. Brown, J., who found in favor of the defendant. From an order denying plaintiff's motion for a new trial, she appealed. Affirmed.

*James A. Peterson* and *C. M. Pond,* for appellant.

*E. H. Farnham, F. E. Latham* and *Daniel Fish,* for respondent.

START, C. J.

This action was commenced in the district court of the county of

[1]Reported in 121 N. W. 393.

Hennepin to cancel a release and discharge of a promissory note and mortgage on eighty acres of land securing it, on the ground that the release was obtained from the plaintiff by the undue influence of the defendant. The note and mortgage were executed by the defendant and his brother to their mother, the plaintiff, to secure the payment of $3,750, being a part of the purchase price of the land which was conveyed by the plaintiff to the defendant and his brother. The answer admitted that the note and mortgage were released, but denied that the release was obtained by any undue influence. This issue was tried by the court without a jury, as to which findings of fact were made to the effect following:

On December 19, 1907, the plaintiff gave and surrendered the promissory note in question to the defendant and his brother, Elmer E. Rader, and at the same time executed to them a release of the mortgage securing the note. As a part of the same transaction the defendant and his wife executed to the plaintiff their promissory note for $1,333, payable to her order on or before two years, with interest. It was the intention of the plaintiff by such transaction to transfer and donate to her sons, the defendant, Albus, and Elmer, an equal and undivided one-third share of the mortgage indebtedness on account of her love and affection for them, and for the further reason that the mortgaged premises had been derived through her first husband, George Rader, who was the father of her three sons, Albus, Elmer, and Louis, and that they contributed by their labor and services to the acquisition of the premises. The plaintiff's intention in taking the promissory note from the defendant and his wife was to enable her to secure the payment to her son Louis of an equal share of the mortgage. The plaintiff delivered and surrendered the promissory note, and released the mortgage, freely and voluntarily for the purposes stated, and free from any coercion or undue influence on the part of the defendant. She was then in the full possession of her mental faculties, and had full and complete capacity to transact all such matters. As a conclusion of law from the facts found, judgment was ordered for the defendant. The plaintiff made a motion for a new trial, and appealed from an order denying it.

The record presents only a question of fact; that is, whether the

finding of the ultimate fact that the surrender and discharge of the note and mortgage were not procured by any undue influence is sustained by the evidence. The trial court, in its memorandum, which was made a part of its findings of fact and conclusions of law, stated several evidentiary facts, which, if sustained by the evidence, tend strongly to support the ultimate fact upon which the order for judgment was based. The contention of the plaintiff is to the effect that every material finding of fact by the trial court is not only obviously and palpably against the weight of the evidence, but that none of them is supported by any substantial evidence. This claim is urged with unquestioned sincerity and with an earnest appeal to the record for its vindication. We have examined the record with care, and have reached the conclusion that, if the trial judge had found that the surrender and discharge of the note and mortgage were secured by the exercise of undue influence by the defendant, the finding would not be set aside. Nevertheless, the finding of the ultimate fact that they were not obtained by any undue influence and that the plaintiff had the mental capacity to intelligently make such surrender and discharge is fairly sustained by the evidence.

The rule of law applicable to this case is well settled. In the case of a gift from parent to child, or child to parent, the court will carefully scrutinize the circumstances of the transaction, but the presumption is in favor of its validity, and in order to set it aside on the ground of undue influence the court must be satisfied that it was not the voluntary act of the donor; the burden of establishing such fact being upon the party contesting the gift. Prescott v. Johnson, 91 Minn. 273, 97 N. W. 891.

It is apparent from the findings of fact and the memorandum of the trial judge that his ultimate finding was influenced by his conclusion that the surrender and release of the note and mortgage were just and equitable as between the children of the plaintiff by her first husband and her children by her second husband, who died before the transaction in question. It is urged on behalf of the plaintiff that there is absolutely no basis in the evidence for the conclusion. The evidence does not sustain this claim.

It is true that the plaintiff testified to the conclusion that she bought the land and paid for it with her own money. On the other hand,

there was evidence tending to show that the first husband of the plaintiff, George Rader, settled upon the land about 1856, and cleared it, and erected farm buildings thereon, and converted it from wild forest land into a valuable farm and home; that he enlisted in the Union army in 1864, and died in the service. The land was, in fact owned by a railroad company as a part of its land grant. A brother of George Rader testified without objection to the conclusion that the father of the defendant bought the land from the railroad company. The evidence shows that the deed of the land from the railroad company, as originally prepared for execution, contained the name of George Rader as grantee; but the word "George" was erased, and the word "Nancy" inserted, before the delivery of the deed, thereby making the plaintiff the grantee. In this connection the testimony of the plaintiff is significant. She testified that after she paid the money for the land she received a letter from her husband, in which he wrote that: "It might possibly be that he never would come home, and it might be that the Indians would come. I was alone with my three little children, and it was better if the deed was in my name, and I could sell my land and go back to my people. That is what he wrote me." There was also evidence tending to show that two of the sons of George Rader remained with their mother and stepfather until they were twenty-one years old, and the other one, the defendant, until after he was sixteen years old, during which time they worked on the land in question, and on the adjoining farm of their stepfather, and assisted in clearing and operating them.

Order affirmed.