# JOSEPH M. HACKNEY v. WILLIAM A. FETSCH.[1]

November 21, 1913.

Nos. 18,384—(130).

**Counterclaim.**

1. A counterclaim pleaded by defendant is *held* to state a cause of action that existed in his favor and against the plaintiff at the time the action was commenced.

**Same.**

2. The cause of action arose out of the transaction pleaded in the complaint as the foundation of plaintiff's claim, and is connected with the subject of the action.

[1] Reported in 143 N. W. 1128.

Action in the district court for Ramsey county to recover $100 and to restrain defendant and his employees from entering certain premises or interfering in the occupancy thereof by plaintiff and his employees. From an order, Kelly, J., overruling his demurrer to the first counterclaim in defendant's answer, plaintiff appealed. Affirmed.

*Ashley Coffman* and *P. J. McLaughlin,* for appellant.
*C. D. & R. D. O'Brien,* for respondent.

BUNN, J.

This is an appeal by plaintiff from an order overruling his separate demurrer to a counterclaim pleaded in the answer.

The complaint alleged that plaintiff was the owner of the Brokerage Building in St. Paul; that defendant for more than a year past and up to February 8, 1913, occupied a room in the building for the purposes of a retail cigar store under a written lease; that by the terms of this lease defendant agreed to maintain said cigar store in said room until February 28, 1913; that on February 8 defendant abandoned the room and removed therefrom his fixtures and stock; that on February 10 plaintiff entered into lawful and peaceful possession of said premises for the purpose of removing the rubbish left by defendant, and installing a retail cigar store therein; that on the eleventh defendant, with his employees and with force of arms, entered the premises, threatened to assault plaintiff with a deadly weapon, interfered with his occupancy of the room, and obstructed and interfered with his business to his damage in the sum of $100. It is alleged that defendant is insolvent. The relief asked is a money judgment for $100 damages, and an injunction restraining defendant from entering the premises or interfering with plaintiff's occupancy thereof. This complaint was filed February 11, 1913. The lease, attached as an exhibit, shows that the monthly rent was payable in advance on the first day of each month, and that it expired February 28, 1913. It contained the covenant, among others, that defendant was to use the leased premises "only for the purpose of cigar, tobacco and confectionery business."

The answer consisted of denials of the allegations of the complaint,

and four counterclaims. Plaintiff demurred separately to each of these counterclaims. The court sustained the demurrers to the second, third and fourth counterclaims, and they are not involved on this appeal. The first counterclaim, the demurrer to which was overruled, pleaded the following facts as constituting a cause of action against plaintiff:

Defendant occupied the leased premises as a retail cigar store during the term of the lease until February 10, 1913. He had paid the rent for the month of February. He had applied to plaintiff for a renewal of the lease, and was advised that he must vacate the premises on February 28, when the lease expired. On or prior to February 8 defendant procured another store in the vicinity, and on the tenth moved a part of his stock from the premises described in the lease to his new location, preparatory to surrendering the leased premises to plaintiff on the twenty-eighth. On February 10, during defendant's absence, plaintiff broke into and entered the premises, took possession thereof and put new locks on the doors. Defendant then returned and took possession. On the eleventh plaintiff again broke into and entered the room, excluded defendant therefrom, and has continued ever since to remain in possession thereof.

On February 12 plaintiff converted to his own use stock in trade of the defendant to the value of $500 found in the room. The relief demanded is judgment for this $500, and for $150, the alleged value of the use and occupancy of the premises for the month of February.

The first question is whether the counterclaim pleads a cause of action against plaintiff that existed at the time the action was commenced, that is February 11. If it does not, the demurrer should have been sustained. As to the alleged act of conversion of defendant's stock in trade on February 12, treating that as a separate tort committed on that day, it would be clear that the cause of action to recover therefor did not exist until the tort was committed, which was after the action was commenced. But the counterclaim alleges a wrongful breaking into the premises, removing the old locks and substituting new ones, and a taking possession by plaintiff on February 10, and a second wrongful entry and exclusion of defendant on the eleventh, the day the action was brought. It cannot be ques-

123 M.—29.

tioned that these acts of plaintiff immediately gave defendant a cause of action to recover damages for the tort. The allegations are amply sufficient to state a good cause of action in tort, unless it be in the allegations of damage. It is correct, as claimed by plaintiff, that defendant would have no cause of action in the nature of assumpsit to recover for the value of the use and occupation, because plaintiff was a trespasser, and could not be converted into a tenant without his consent. Such an action lies only where the relation of landlord and tenant subsists between the parties, founded on agreement, express or implied. Hurley v. Lamoreaux, 29 Minn. 138, 12 N. W. 447; Crosby v. Horne & Danz Co. 45 Minn. 249, 47 N. W. 717. But the counterclaim does not attempt to state a cause of action in the nature of assumpsit. It is purely in tort. The allegation as to the value of the use and occupation may be treated as surplusage, or as an allegation of an evidentiary matter. The general allegation that "by reason of the premises this defendant has been damaged and has suffered damage in the sum of at least $650," can be properly construed as an allegation of damages in the sum of $150 for the torts of plaintiff committed on the tenth and eleventh of February. Plaintiff's acts amounted to an eviction, and defendant had paid rent for the rest of the month. We think defendant could recover for the tort, and that one item of his damages would be the rent for which he had received no return. We think also that this right of recovery was complete when defendant was evicted. He was not obliged to wait until the end of the month before seeking his remedy. We hold that the cause of action pleaded in the counterclaim was one existing in favor of defendant at the time the action was commenced.

The question remains whether the cause of action arises "out of the contract or transaction pleaded in the complaint as the foundation of plaintiff's claim, or connected with the subject of the action." R. L. 1905, § 4131. We deem it unnecessary to refer to our decisions or to analyze further the "transaction" pleaded in the complaint, or the "subject of the action," or the nature of the counterclaim. We hold that the cause of action arises out of the transaction pleaded as the foundation of plaintiff's claim,—the alleged

wrongful acts of defendant in attempting to retain possession of the leased premises—and also that it is connected with the "subject of the action."

Order affirmed.