# MARY HAYES v. MINNIE MOORE.[1]

November 27, 1914.

Nos. 19,048—(81).

**Landlord and tenant — action for use and occupation.**

    1. An action in the nature of assumpsit for the use and occupation of real property lies only where the relation of landlord and tenant subsists between the parties, founded on an agreement express or implied.

**Same — evidence.**

    2. Evidence examined and *held* to show neither an express nor implied agreement creating the relation of landlord and tenant between plaintiff and defendant.

Action in the municipal court of Mankato to recover the reasonable value of the use of plaintiff's building from October, 1913, to November, 1914. The case was tried before Comstock, J., who denied the motion of defendant Moore to dismiss the action and a jury which returned a verdict for $87.50. From an order denying defendant Moore's motion for judgment notwithstanding the verdict or for a new trial, she appealed. Reversed and judgment for defendant ordered.

*Ivan Bowen,* for appellant.
*John E. Regan,* for respondent.

Bunn, J.

This appeal is by the defendant Minnie Moore from an order denying her motion in the alternative for judgment notwithstanding the verdict or for a new trial, after a trial to a jury and a verdict for plaintiff. The action was against Fong Moon and Minnie Moore to recover the reasonable value of the use and occupancy by them of a building owned by plaintiff. The original complaint alleged

[1] Reported in 149 N. W. 659.

Note.—The question as to when an action for use and occupation of premises will lie is treated in a note in 26 L.R.A. 802.

that on September 7, 1912, Fong Moon leased the premises, to be used as a laundry, at the agreed rental of $25 per month, that on October 1, 1913, defendant Moore purchased the laundry machinery and equipment from Fong Moon, took possession thereof, and that said machinery and equipment "has been ever since said date, and still is, in the building owned by this plaintiff." This complaint was subsequently amended so as to allege that Minnie Moore took possession of the premises October 1, 1913, and remained in possession thereof and "kept and used said building," until February 15, 1914. Fong Moon did not answer. Defendant Moore admitted in her answer her purchase of the machinery and equipment from Fong Moon, but alleged that prior to November 1, 1913, she demanded of plaintiff the possession of such machinery and equipment and offered to remove the same from the building, but that plaintiff at all times refused to permit her to do so.

The case was tried to a jury. The court denied a motion to dismiss made on the ground that the complaint did not state a cause of action, a like motion made at the close of plaintiff's case, and motions to dismiss and to direct a verdict made at the close of all the evidence. These rulings are assigned as error.

We will pass the question of the sufficiency of the complaint as amended, and consider whether the evidence shows any liability on the part of defendant Moore. Plaintiff's agent was the only witness on her behalf; he testified to the leasing of the premises to Fong Moon in September, 1912, for a Chinese laundry; that the laundry "moved out" October 1, leaving the machinery in the building; that about December 1, witness met defendant's husband who told him he owned the outfit in the laundry and wanted to look at it; witness told Moore that somebody would have to pay the rent, and that he would hold the machinery until the rent was paid; Moore wanted to remove the machinery, but witness refused to allow him to do so until the rent was paid; witness told Moore that he would have to pay rent, but Moore did not agree to do so. February 15 the premises were leased to a third person who had before that time purchased the machinery. The other testimony showed clearly that plaintiff had insisted on holding the machinery in the building,

until somebody paid the rent, and that defendant Moore had never used the premises except in the sense that her machinery and equipment had remained there against her wishes and because plaintiff refused to allow it to be removed.

Under these facts it is quite clear to us that defendant Moore is not liable for rent or for the use and occupation of the premises.    It is elementary that an action in the nature of assumpsit for use and occupation will not lie unless the relation of landlord and tenant subsists between the parties, founded on agreement, express or implied.    Hurley v. Lamoreaux, 29 Minn. 138, 12 N. W. 447; Crosby v. Horne & Danz Co. 45 Minn. 249, 47 N. W. 717; Hackney v. Fetsch, 123 Minn. 447, 143 N. W. 1128.    No such relation existed in this case; admittedly there was no express agreement constituting the relation of landlord and tenant as between plaintiff and defendant Moore, and no implied agreement to that effect can possibly be spelled out of the evidence.

Order reversed and judgment for defendant ordered.