# STATE BANK OF GIBBON v. ADOLPH J. FASSBENDER AND OTHERS.[1]

August 7, 1925.

No. 24,808.

**Finding sustained that debtor did not convey his personal property to his children with intent to defraud.**

1. Action to set aside a conveyance of personal property from a debtor to his children as fraudulent. The finding that the children remained upon and worked the debtor's farm after becoming of age, pursuant to a prior agreement that they should have a specified part of the land, and that, the farm having been sold, the property in question was conveyed to them in lieu of the land and without intent to defraud, is sustained by the evidence.

**Presumption that conveyance from parent to children is valid.**

2. A conveyance from parents to children is presumed to be valid until shown to be invalid.

**When services of adult children are valid consideration for conveyance in payment.**

3. Where children, after becoming of age, remain as members of the family and perform services under an agreement for compensation, such services are a valid consideration for a conveyance in payment therefor. But the services of such children, if rendered without a prior agreement for compensation, will not sustain such a conveyance as against creditors of the grantor.

1. See Fraudulent Conveyances, 27 C. J. pp. 828, § 775, 830, § 777.
2. See Fraudulent Conveyances, 27 C. J. p. 790, § 716.
3. See Fraudulent Conveyances, 27 C. J. p. 570, § 285.

See notes in 2 A. L. R. 1438; 23 A. L. R. 584; 12 R. C. L. pp. 546, 547; 2 R. C. L. Supp. 1452.

Action in the district court for Lac qui Parle county to set aside certain assignments of mortgages. The case was tried before Qvale,

[1]Reported in 204 N. W. 953.

J., who ordered judgment in favor of defendants. Plaintiff appealed from an order denying its motion for a new trial. Affirmed.

*Young & Quandt,* for appellant.

*J. N. Johnson* and *Ewing & Acton,* for respondents.

TAYLOR, C.

Plaintiff, a judgment creditor of defendant Adolph J. Fassbender, alleged in its complaint that he had transferred his personal property to his children for the purpose of defrauding his creditors, and asked the court to declare the transfer fraudulent and void. The court made extended findings of fact and directed judgment for the defendants. Plaintiff appealed from an order denying its alternative motion for amended findings or for a new trial.

More than 30 years ago Mr. Fassbender purchased a farm of 192 acres in Lac qui Parle county upon which he located with his family. In 1902, although the original farm was only partly paid for, he purchased an additional quarter section and borrowed the money to pay for it by giving a mortgage upon both the original farm and the land purchased. The defendants claim and the court found that, when he purchased this land, it was understood between him and his children that they should have it when paid for, if they would remain with him and work all the land. In 1912 the older children desired to purchase another adjoining tract of 120 acres. They tried to buy it themselves, but were unable to obtain the money necessary to make the required payment. At their solicitation, Mr. Fassbender bought it, obtaining the necessary money by giving a mortgage upon the entire farm. The defendants claim and the court found that, when this tract was purchased, it was understood and agreed between the father and the children that he should buy it for the children and thereafter convey it to them.

In 1919 Mr. Fassbender was offered $54,000 for the entire farm of 472 acres and desired to sell it. He conferred with his children, two of whom at first opposed the sale, but finally consented and the sale was made. By agreement the purchasers borrowed $20,000 upon a first mortgage on the farm which sum was paid over to Mr. Fassbender. They also paid an additional sum of $15,000 in

cash and gave a second mortgage of $19,000 on the farm for the remainder of the purchase price. The prior encumbrances amounted to $11,000 and were paid out of the cash payment, leaving as the proceeds of the farm $24,000 in money and the second mortgage of $19,000. While this transaction was pending, Mr. Fassbender contracted for the purchase of a farm of 640 acres in Yellow Medicine county for which he agreed to pay the sum of $25,000 in cash and to give mortgages aggregating the sum of $62,000. Both transactions were finally closed at the same time, March 1, 1920. The defendants claim and the court found that it was agreed between Mr. Fassbender and the children that he should have the cash payment of $24,000 to enable him to buy the Yellow Medicine county farm, and that the children should have the second mortgage of $19,000 for their interest in the farm sold. On March 21, 1921, he assigned this mortgage to them.

Mr. Fassbender sold one farm and purchased the other in the period of inflated land values. When such values fell, he was unable to make the stipulated payments on the Yellow Medicine county farm, and one of the mortgages was foreclosed and the title has passed to the mortgagee. The purchasers of the Lac qui Parle county farm also failed to make their payments and the children foreclosed the mortgage of $19,000 and now own that farm subject to the first mortgage of $20,000.

The judgments upon which this action is based were rendered in 1924 for past-due interest on certain of the promissory notes given for the Yellow Medicine county farm.

At the time of the trial in 1924, the five children who are defendants were respectively 39, 37, 35, 29 and 27 years of age. They were unmarried and had remained upon and worked the farm with the understanding that all except the original 192 acres would belong to them when paid for. All the land was operated as one farm and the proceeds above necessary expenses were applied on the mortgages. The court found that the oldest son had also applied thereon the proceeds of crops raised by him on other lands amounting to about $1,000 and the earnings of a corn shelling outfit owned

and operated by him amounting to several hundred dollars each year for a period of ten years. As he paid for the outfit out of its earnings, the length of time during which he made these contributions may have been less than ten years. Mrs. Fassbender died in 1918 and had been an invalid for some 10 years prior thereto. On account of the condition of her mother, the daughter, Almyra, performed the duties of housekeeper for several years before her mother's death, and has continued as housekeeper for her father and brothers ever since. The farming operations had been carried on mainly by the four sons for several years before the sale.

The court found that Mr. Fassbender assigned the $19,000 mortgage to the children on March 21, 1921, pursuant to the prior agreement to do so and without any intent on his part or on the part of the children to hinder, delay or defraud his creditors or any of them. As bearing on the question of intent, the court found, and the fact is undisputed, that Mr. Fassbender paid the interest which became due on March 1, 1921, on all the mortgages upon the Yellow Medicine county farm, except one of $4,000. The amounts so paid aggregated the sum of $3,600. A part of this was paid before the assignment, a part on the day of the assignment and a part thereafter. None of the mortgages were due. The holder of the $4,000 mortgage began proceedings to foreclose it for default in interest a few days before the assignment. Mr. Fassbender states that these proceedings were begun without notice to him or any demand for the interest; that when he learned of them he placed the money to pay the interest in the bank, but the holder of the mortgage refused to accept it and proceeded with the foreclosure; and that he was unable to pay the amount of the mortgage or redeem from the subsequent sale. The court also found that Mr. Fassbender was not insolvent when he assigned the mortgage in question, as he owned the Yellow Medicine county farm on which he had paid $25,000, and it did not appear that the value of the farm at that time had shrunk below the amount of the encumbrances upon it. We think the evidence is sufficient to sustain the findings of the trial court.

The law presumes that the transfer to the children was valid and plaintiff had the burden of proving that it was invalid. Howard v. Farr, 115 Minn. 86, 131 N. W. 1071; Rader v. Rader, 108 Minn. 139, 121 N. W. 393; McEleney v. Donovan, 119 Minn. 294, 138 N. W. 306; Thill v. Freiermuth, 132 Minn. 242; Boynton v. Simmons, 156 Minn. 144, 194 N. W. 330. Plaintiff insists that as the children remained members of the family they were not entitled to compensation for their services, and that the transfer to them was without consideration.

It is well settled that, where children remain as members of the family after becoming of age without any agreement for compensation for their services, a subsequent conveyance made in payment for such service is without consideration and may be set aside at the suit of prior creditors of the grantor. But it is also well settled that where children remain and perform services pursuant to an agreement to compensate them therefor, such services constitute a valid consideration for a subsequent conveyance made in performance of the agreement. Wetherill v. Canney, 62 Minn. 341, 64 N. W. 818; Leqve v. Stoppel, 64 Minn. 152, 66 N. W. 124; Einolf v. Thomson, 95 Minn. 230, 103 N. W. 1026, 104 N. W. 290, 547; Begin v. Begin, 98 Minn. 122, 107 N. W. 149; Lansing v. Gregory, 128 Minn. 496, 151 N. W. 277; Thysell v. McDonald, 134 Minn. 400, 159 N. W. 958; Lovell v. Beedle, 138 Minn. 12, 163 N. W. 778. Such an agreement may be established either by direct evidence or by proof of facts and circumstances from which it may reasonably be inferred.

Plaintiff insists that the claim that the purchase of the quarter section in 1902 was made with the understanding that it would belong to the children if they remained upon and worked the farm until it was paid for cannot be taken seriously for the reason that the oldest son was then only 17 years of age. The court found that such an understanding existed and there is evidence to sustain the finding. For a farmer of the father's nationality to buy land intending it for his children is not uncommon. That he made known the conditions on which they could have it is not improbable. While

such a proposition made by the father had no binding effect at that time, it throws light on the subsequent conduct of the parties.

The children remained at home and worked upon the farm until it was sold—the oldest for 14 years after becoming of age, the others for lesser periods. The conclusion that they did this pursuant to an agreement that they were to have the land purchased in 1902 and 1912 as compensation is justified by the record. The performance of the agreement on their part furnished ample consideration for the transfer sought to be set aside. The agreement having been performed, the fact that it may not have been enforceable prior to performance is immaterial. Trudeau v. Germann, 101 Minn. 387, 112 N. W. 281.

Plaintiff claimed that Mr. Fassbender had transferred some stock and farm machinery to his children in addition to the mortgage. The consideration which supports the transfer of the mortgage would support this transfer also if it had been made. But the court found, in effect, that the property of this character owned by Mr. Fassbender had not been transferred to the children, but that part of it had been sold to others and that the remainder had been applied upon a chattel mortgage held by a bank. Plaintiff made a motion for amended findings to the effect that property of this character of the value of $3,000 had been transferred to the children. The court denied the motion and the evidence is not such as to require such a finding.

Plaintiff assigns several rulings admitting or excluding evidence as error. We find none in which the court exceeded its discretion and none requiring special mention. It may be proper to note, however, that testimony as to conversations between Mr. Fassbender and the children relating to the understanding and agreement between them and as to their doings in carrying out the agreement was not hearsay, but original evidence competent and relevant to prove material facts. Fredin v. Richards, 66 Minn. 46, 68 N. W. 402; McDonald v. Smith, 99 Minn. 42, 108 N. W. 290; State Bank v. Strandberg, 148 Minn. 108, 180 N. W. 1006.

We are of opinion that the conclusion reached by the learned trial court is sustained by the record, and its order is affirmed.