# Ewing & Gaines *v.* Shaw & Co.

*Action for Damages against Stable-Men as Common Carriers.*

1. *Plea of recoupment, and judgment thereon.*—Under the plea of recoupment, the defendant may show any damages sustained by him which grow out of, or are connected with the contract on which the action is founded, or breach of any duty imposed by that contract; and if his damages exceed the plaintiff's, he may, by statutory enactment (Sess. Acts 1878-9, p. 154; Code of 1886, § 2683), have judgment for the excess, as under the plea of set-off.

2. *Duplicity.*—Under our system of pleading, duplicity, in a plea in bar, is not ground of demurrer.

3. *Liability of principal, for acts of agent.*—In an action against the keepers of a livery-stable as common carriers, to recover damages for injuries to plaintiff's goods, which were submerged in a swollen stream, in a wagon and team hired from defendants, with their driver, while in charge of plaintiff's agent, a travelling salesman; the defendants may show that said agent, being informed that the stream was swimming, nevertheless ordered the driver to attempt to cross, one of the horses being thereby drowned.

APPEAL from the Circuit Court of Coosa.

Tried before the Hon. JAMES W. LAPSLEY.

This action was brought by the appellants, non-resident merchants and partners in trade, against J. M. Shaw & Co., who were engaged in keeping a livery-stable at Goodwater, and who were sued as common carriers, to recover damages for injuries to a quantity of goods, hardware samples, which were contained in a trunk in charge of plaintiffs' agent, a travelling salesman, while travelling in a wagon and team hired from defendants, and were submerged in a swollen stream which he attempted to cross; it being alleged that the team was driven by the defendant's driver, and that the

injury was caused "by reason of the negligence of said defendants." The defendants pleaded not guilty, and a special plea in substance as follows: that plaintiff's agent, when hiring the wagon and team, refused to take defendants' regular driver, who was a white man, and demanded a negro driver, and agreed that the team should not be driven on Sunday; that said agent, in violation of this contract, drove and used the team on Sunday, and, while doing so, compelled the negro driver, against his protest and objection, to attempt to cross the swollen stream, whereby one of the horses was drowned; "and defendants claim $250 damages for the loss of said horse, and the injury to the hack and harness, by the acts of plaintiffs, through and by their said agent." The plaintiffs demurred to this special plea, "because it is double, uncertain, insufficient, and fails to answer the complaint." The court overruled the demurrer, and issue was joined on both of the pleas.

On the trial, plaintiffs' agent, one Bailey, who hired the wagon and team, testified that, on Sunday, while returning to Goodwater, "the wagon and team was driven into a stream in which there was a deep place, where the water run into the hack, and partly submerged the trunk containing his samples in muddy water; that afterwards, on the same day, the team was driven into a swollen stream, whereby plaintiffs' goods were submerged and greatly damaged;" also, "that he asked the driver, before attempting to cross, if the stream was passable; that the driver replied, 'he had lived near there for five years, and it could be crossed without danger;' and that he then told the driver to go ahead." The driver, and several other witnesses for the defendants, testified, in substance, that said agent was informed that the stream was swimming and dangerous, and ordered the driver to proceed. On these facts, the court charged the jury, at the instance of the defendants, as follows: "If, by the contract, the wagon, team and driver were under the control of Bailey, plaintiffs' agent, and it was by his direction the wagon and team were driven into the swollen stream, with information at the time that it was swimming, then plaintiffs are liable for the damages resulting therefrom." To this charge the plaintiffs excepted.

The jury returned a verdict for the defendants, assessing their damages at $129.35; and judgment was thereupon rendered in their favor, for that sum, with costs.

The overruling of the demurrer to the special plea, the

[Ewing & Gaines v. Shaw & Co.]

charge given by the court, and the judgment rendered, are now assigned as error.

JOHN A. TERRELL, for appellants.—(1.) The special plea was demurrable, for the reasons specified in the demurrer. It attempts two or more defenses, but fails to state the substantial facts of either one. (2.) The charge of the court is erroneous, because it invades the province of the jury, and because it makes the plaintiffs liable for the torts of their agent.—*Foust v. Yielding.* 28 Ala. 660, and authorities; *Cox, Brainard & Co. v. Keahey*, 36 Ala. 340; *Lindsey v. Griffin*, 22 Ala. 629; *Blackburn v. Baker*, 1 Ala. 173. (3.) The special plea presented no case for recoupment, nor did the evidence establish any; since there can be right to recoup, if the plaintiff has no cause of action whatever. The jury, by their verdict, allowed defendants damages for the injury to their property, but ignored all right to damages on the part of plaintiffs; and this is the effect of the judgment. The statute does not authorize such proceeding.—Sess. Acts 1878-9, p. 154.

WATTS & SON, and L. E. PARSONS, Jr., *contra*, cited Story on Agency, § 453; *Walker v. Bolling*, 22 Ala. 294; *Evans v. Watrous*, 2 Porter, 205; *Callison v. Lemons*, 2 Porter, 145; 1 Ala. 326; 3 Ala. 145, 237; 17 Ala. 74; 20 Ala. 472.

SOMERVILLE, J.—The act of January 25th, 1879 (Acts 1878-79, p. 154), changes the mode of procedure, as it purports in its title to do, in all cases where a counter claim is interposed by a defendant, by way of recoupment of damages, although it does not add to or enlarge the class of demands which may be brought in under the plea of recoupment.—*Martin v. Brown*, 75 Ala. 442; Code, 1886, § 2683. This defense authorizes the recovery of any damages sustained by the defendant, which grow out of, or are connected with the matters set forth in the plaintiff's complaint, and in breach of the contract upon which his suit is founded, or in violation of any duty imposed by the contract. Without the aid of this new statute, the defendant was not entitled to have judgment against the plaintiff, for any excess of his damages in recoupment over the plaintiff's claim. He could only reduce or abate the plaintiff's claim, to the extent of his own counter-claim. As the statute now stands, under a proper

[Englehardt v. Clanton.]

construction of it, he is entitled to either one or the other of these rights, according to the amount of his demand in recoupment; and if the one claim just *equals* the other, the defendant is necessarily entitled to have judgment in his favor, at least for costs of suit.

The plea of recoupment filed by defendants was not subject to the objections taken to it by the plaintiff's demurrer, which was properly overruled. It was neither double, uncertain, or otherwise insufficient. It is, moreover, no valid objection to a plea in bar, under our system of pleading, that it is double.

The charge given by the court, at the request of the defendant, was unquestionably correct. The principal, or master, is liable for the damages resulting from the negligence or want of skill of his agent or servant, in the scope of the employment or business, which embraces everything done by the express or implied sanction of the principal. The averments of the complaint are conclusive against the plaintiffs of the fact that Bailey was their agent, and that he hired the wagon, horses and driver, by their authority, for the purposes mentioned. The charge in question can not be criticised, therefore, on the ground that it designates Bailey as the agent of the plaintiffs. This is an undisputed, and indisputable fact in the case. If he knew, or was informed, that the stream, in which defendants' horse was drowned, was swimming, and, notwithstanding this information, directed the driver to move the wagon and team into it, this was negligence in the course of the agent's employment, such as would render the plaintiffs liable for any damages resulting from the driver's following his direction. This is, in substance, the charge of the court.

Judgment affirmed.

