# Johnson *v.* Aldridge.

*Attachment Suit by Landlord, for Rent and Advances.*

1. *Damages to tenant's crop, by landlord's mules or cattle, as set-off.*
In an action by a landlord against his tenant's crop, commenced by
attachment, the defendant may, under the plea of set-off, claim a
deduction for damages done to his crop by plaintiff's mules or cattle
(Code, § 2678); but, if the animals were turned in on the crop with
his consent, he can not complain.

APPEAL from the Circuit Court of Coffee.
Tried before the Hon. JESSE M. CARMICHAEL.

W. D. ROBERTS, for appellant.

J. E. P. FLOURNOY, *contra.*

COLEMAN, J.—The suit was brought by plaintiff as land-
lord against the defendant, for rent and advances made to
him as tenant. The defendant pleaded specially, by way of
set-off and recoupment, damages to the cotton crop caused by
plaintiff's mules. Plaintiff demurred to the plea, but the de-
murrer was overruled. Plaintiff objected to the introduction
of evidence offered by defendant in support of the plea of set-
off. "Sounding in damages merely" has been defined by this
court to mean, "that class of claims for which the law furnishes

[Ex parte Murray.]

no standard of measurement, even when the facts are ascertained. Actions of trespass, assault and battery, actions for slander, malicious prosecution and the like, are of this class."—*Collins v. Green*, 67 Ala. 215. *Trespass*, as here used, was intended to apply to assault and battery, meaning trespass on the person. The comma after trespass is an error in punctuation.

Damages done to a growing crop, or to a crop matured and ungathered, has a legal standard of measurement, and may be pleaded as a set-off. There was no error in the admission of the evidence.—*Sledge v. Swift*, 53 Ala. 113.

Plaintiff, in his own behalf, testified that he turned his mules into the defendant's cotton patch, but that it was done with defendant's consent. Although the evidence of defendant may have contradicted this statement, and it may not have been credited by the judge, the statement was in evidence for the consideration of the jury, and it was for the jury to determine whether it was true. The court charged the jury, that if plaintiff's mules ran in defendant's cotton patch and damaged his crop, the defendant would be entitled to set off the damage sustained. The charge entirely ignored the evidence which tended to show the mule was turned in the cotton patch with the consent of the defendant. If the plaintiff's mule was turned in the cotton patch of defendant with the consent of the defendant, and the damage resulted from such consent, then defendant proximately contributed to his own damage, and can not claim any benefit from it.

For the error in giving this charge the cause must be reversed.

Reversed and remanded.