## McNATT *v.* McRAE.

1. Cross-actions in favor of each party against the other may arise out of the same affray; and such claims for damages may be presented in separate suits, or in a petition by one and a plea of set-off by the other.

2. The party first assaulted may be entitled to damages against his assailant; but if the former use excessive force, or beyond what is necessary for his self-defense, he too will become liable to the other for the damages thus inflicted.

3. Where one wrongfully makes an assault, but discontinues the beating, retires, declines further combat, or otherwise puts himself in the right, he may sue and recover for damages then inflicted, notwithstanding he may have been the original aggressor.

4. The charge that the defendant would be entitled to recover damages on his plea of set-off "if he was without fault" does not require a new trial, it being apparent from the context, and the charge as a whole, that the court was applying the principle above stated, in instructing the jury that even though the defendant may have been originally wrong, he could recover if at the time of receiving the injury "he was without fault."

5. The plaintiff was claiming punitive damages, and it was proper to read in charge the Civil Code, § 3906; nor was this error against the defendant, as the judge also charged that both parties were claiming punitive damages. There is no assignment of error that the judge failed to instruct the jury upon the proper measure of damages in case the defendant was entitled to recover on his plea of set-off.

6. The other grounds present no reason for the grant of a new trial. If the newly discovered evidence was not all cumulative in its nature, the counter-showing was sufficient to warrant the judge in refusing a new trial on that ground.

Argued June 12,—Decided June 29, 1903.

Action for damages. Before Judge Roberts. Montgomery superior court. December 13, 1902.

*P. W. Meldrim, E. D. Graham,* and *W. B. Kent,* for plaintiff in error. *Twiggs & Oliver,* contra.

LAMAR, J. There was an affray in which both plaintiff and defendant were seriously injured. McRae was cut with a knife, the tendon of his forearm severed, permanently disabling him. McNatt

was beaten and bruised about the head, and otherwise badly hurt. Each claimed that he had interposed as a peacemaker, and that the other had done him great bodily harm. Each prosecuted the other, but with what result does not appear. Subsequently McRae sued McNatt for the assault and battery, and McNatt filed an answer which was the equivalent of the general issue, besides which he filed a plea of set-off for the injury done him in the same fight. At the trial he withdrew the general denial, admitted the cutting, and justified on the ground that the same was done in self-defense. The trial resulted in a verdict for McRae; and McNatt moved for a new trial. The motion was overruled, and he excepted.

Both parties being injured, and one having brought suit, and the other having filed a plea of set-off, we have the rather unusual instance of cross-actions growing out of the same affray. While this is unusual, it is by no means legally impossible; for even though the party first assaulted is entitled to recover for the battery, he may have used excessive force, or beyond what was necessary for his defense, and thereby so put himself in the wrong as to become liable to the defendant, although the defendant was also liable to him. Or the plaintiff may even have made the first assault without justification, and rendered himself liable to the defendant; but if McNatt with a deadly weapon made an unnecessary counter-assault, he would be liable for the damages thus inflicted. The criminal law (Penal Code, § 73) furnishes constant instances of this class of cases. The original assailant may retire and decline further contest, and thereby put himself in a position where, in order to save himself from serious bodily harm, he may lawfully take the life of the party originally in the right. It was, we think, to this principle that the judge referred when he charged that McNatt having filed pleas of justification and set-off, the burden was upon him, but if McNatt was injured, and "it was without fault on his part," the jury should determine "how much the defendant would be entitled to recover." McNatt claims that "the rule is not that the defendant shall be without fault; for both plaintiff and defendant might be at fault, but if the fault of the defendant were very slight and the wrongful act of the plaintiff very gross, the slight fault of the defendant would not deprive him of the right of set-off, although it might diminish the amount of the damages he should recover." Taken in connection with the context and the full charge, the jury were

not misled. The court was simply instructing them to award damages to McNatt, if, at the time he was injured, he was in the right. Whether he began the difficulty or not, whether he had cut McRae in self-defense or not, yet if at the time he was beaten he was without fault, declining further contest, had offered to retire, was on the ground helpless, unable to defend himself, or was otherwise in a position where McRae had no legal right to assault or beat the defendant, he could recover from the plaintiff for damages then inflicted, even though McNatt had been originally in the wrong.

McNatt's set-off was for the battery by the plaintiff and his brother, who was alleged to be a joint tort-feasor. The court charged that "where two parties in the prosecution of a common intent act together, . . the act of one party will be the act of the other party, each party having entered into the agreement to do the act; or where they were acting in concert in the prosecution of a common design, it is implied that each by entering into the agreement becomes responsible for the act of the other party." This did not require the jury to find that the McRae brothers had each entered into an agreement to assault and beat the defendant, before the latter could recover on his plea of set-off for the wrong done by the tort-feasors. It was proper to charge on the plaintiff's liability if they had made such an agreement, and also to charge that he would be liable for acts done in the prosecution of the common design, even if there was no express agreement. In this connection the court charged that "it is not necessary to show that the parties actually got together and agreed to do a thing, in order to prove a conspiracy; but you may infer it from the circumstances surrounding the transaction. . . See whether or not McNatt was attacked; and if you find he was, then who made the assault upon him, and was there any concert of action between these parties in that action?"

The defendant complains that the judge read the Civil Code, § 3906, which among other things provides that additional damages may be given as "compensation for the wounded feelings of the *plaintiff.*" This charge was, of course, correct, being in the language of the code, and applicable to the case, since the plaintiff was claiming punitive damages, Nor did the use of the word "plaintiff" injure the defendant, since the judge in the same connection instructed the jury that both parties were claiming damages, and informed

them as to the principles of law under which the defendant would be entitled to recover.    There is no assignment that the judge failed to properly instruct the jury as to the measure of damages to which the defendant would be entitled.

The errors complained of in other grounds of the motion afford no sufficient reason for the grant of a new trial.    As to the newly discovered evidence, there was a counter-showing; the character of one of the witnesses was attacked; the other had been subpoenaed and in attendance, but not sworn, at a previous trial.    The judgment of the court below is therefore

*Affirmed.    All the Justices concur.*