(108 So. 16)

**BROWN v. PATTERSON.** (7 Div. 568.)

(Supreme Court of Alabama. March 25, 1926.)

**1. Set-off and counterclaim ⬦27(1)—Defendant may plead, in civil action of assault and battery in recoupment, damages for assault committed by plaintiff at same time and as part of same transaction (Code 1923, §§ 10172, 10175, 10179).**

Civil action of assault and battery being one sounding in damages, and hence not within Code 1923, § 10172, excluding set-off demands sounding in damages merely, and recoupment being common-law remedy, and defendant being unable to defend because plaintiff was also in fault, defendant may plead in recoupment damages for assault and battery committed by plaintiff at the same time and as part of the same transaction, in view of section 10175, section 10179 being inapplicable.

**2. Set-off and counterclaim ⬦15.**

Recoupment is allowed on claims arising in tort as well as on contract.

**3. Set-off and counterclaim ⬦1—In "set-off" there is introduced outside and new controversies wholly unrelated to original suit, while in "recoupment" there is merely complete trial of issues involved in transaction.**

In "set-off" there is introduced outside and new controversies wholly unrelated to original suit, multiplying issues of fact and law, while in "recoupment" there is merely a complete trial of the issues involved in the transaction.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Recoupment; Set-off.]

Appeal from Circuit Court, Clay County; E. S. Lyman, Judge.

Action for damages for assault and battery by J. W. Brown against Arthur Patterson. From a judgment for defendant, plaintiff appeals. Affirmed.

The appeal is on the record proper without bill of exceptions. Defendant filed pleas of recoupment, to which plaintiff demurred. The judgment entry shows that the demurrer to these pleas was overruled. There was verdict for the defendant and judgment thereon by the court, adjudging that defendant recover of plaintiff the costs in the case. Plaintiff appeals and assigns as error the overruling of his demurrer to the pleas of recoupment.

Walter S. Smith, of Lineville, for appellant.

Plaintiff's demand or cause of action sounds in damages merely, and neither set-off nor recoupment is available in defense of the action. Code 1923, § 10172; Marlowe v. Rogers, 14 So. 790, 102 Ala. 510. The fact that the parties voluntarily engaged in the combat is no defense to an action by plaintiff against defendant to recover damages for personal injuries, and neither set-off nor recoupment is available to defendant as a defense. Dole v. Erskine, 35 N. H. 503; Bell v. Hansley, 48 N. C. 131; Lizana v. Lang, 43 So. 477, 90 Miss. 469; Willey v. Carpenter, 23 A. 630, 64 Vt. 212, 15 L. R. A. 853; Boutler v. Clark, Bull. N. P. 16; Christopherson v. Bare, 11 Q. B. 473, 116 Eng. Rep. 554; Matthew v. Ollerton, Comb. 218, 90 Eng. Rep. 438; Logan v. Austin, 1 Stew. 478; Cooley on Torts (2d Ed.) 187.

C. W. McKay, of Ashland, for appellee.

Recoupment applies when the abatement claimed springs out of the very contract or transaction on which the recovery by plaintiff is sought. Washington v. Timberlake, 74 Ala. 259; Bouvier's Law Dict.; Code 1923, § 10179. The law of set-off and recoupment is not the same. Merchants' Bank v. Acme Lbr. Co., 49 So. 782, 160 Ala. 435; Mizell v. Farmers' Bank, 61 So. 272, 180 Ala. 568.

---

⬦For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

BOULDIN, J. [1] The single question presented by the record is: In a civil action of assault and battery, may the defendant plead in recoupment damages for assault and battery committed by the plaintiff at the same time and as a part of the same transaction? Stated differently, if parties fight willingly or under other conditions wherein neither party can justify himself in this form of action, can the one recoup for his injuries when sued by the other; or, if suit be brought against one justified under the law, may he by plea of recoupment·present his cross-action and recover in the one suit?

By the nature of this action, and the defenses applicable thereto, it may happen that neither party can successfully defend when sued by the other; neither, for example, be entitled to justify under the law of self-defense. Cases of initial assault by one, met with excessive resistance by the other, opprobrious words by one not justifying an assault by the other, but still placing the user in fault in provoking the difficulty, if sued by the other, engaging willingly in a fight, are instances wherein each party may maintain an action against the other. Unlike many forms of action, the defendant cannot defend on the ground that the plaintiff was also in fault. Powell v. West, 94 So. 475, 208 Ala. 388; Rardan v. Maddox, 39 So. 95, 141 Ala. 508; Mitchell v. Gambill, 37 So. 290, 140 Ala. 316; Bynum v. Jones, 59 So. 65, 177 Ala. 431; Morris v. McClellan, 53 So. 155, 169 Ala. 90; Morris Hotel Co. v. Henley, 40 So. 52, 145 Ala. 678; Abney v. Mize, 46 So. 230, 155 Ala. 391; Logan v. Austin, 1 Stew. 476; 2 R. C. L. p. 574, § 55.

The question, then, recurs: Must there be two suits trying the same issues, or may the whole affair be settled in one suit by plea of recoupment or cross-action? The action of assault and battery is one sounding in damages. Johnson v. Aldridge, 9 So. 513, 93 Ala. 77; Rosser v. Bunn, 66 Ala. 89; Holley v. Younge, 27 Ala. 203. Hence it is not within our statute of set-off, excluding demands "sounding in damages merely." Code, § 10172. Set-off, authorizing outside transactions to be brought in and litigated between the parties, is statutory. But recoupment, dealing only with matters arising out of the same transaction or subject-matter as the original suit, is a common-law remedy. Merchants' Bank v. Acme Lbr. Co., 49 So. 782, 160 Ala. 435; Lawton v. Ricketts, 16 So. 59, 104 Ala. 430; Waterman on Set-Off (2d Ed.) § 464. We have a statute extending the remedy so as to recover a judgment over in a proper case, but none defining the cases in which the remedy applies. Code, § 10179; Martin v. Brown, 75 Ala. 442.

[2] Under our decisions, recoupment is allowed upon claims arising in tort, as well as upon contract. Nabring v. Bank of Mobile, 58 Ala. 204; Grisham v. Bodman, 20 So. 514, 111 Ala. 195; Hatchett v. Gibson, 13 Ala. 587. While set-off and recoupment are related and often treated together in our decisions, we find no case in which it appears to be settled in Alabama whether recoupment may be pleaded in this form of action. We consider it an open question. While the decisions of other states are not in harmony, the general trend of later cases appears in favor of such plea in actions of assault and battery. Gutzman v. Clancy, 90 N. W. 1081, 114 Wis. 589, 58 L. R. A. 744; McNatt v. McRae, 45 S. E. 248, 117 Ga. 898; Slone v. Slone, 2 Metc. (Ky.) 329; Shoemaker v. Jackson, 104 N. W. 503, 128 Iowa, 488, 1 L. R. A. (N. S.) 137; Murphy v. McQuade, 46 N. Y. S. 382, 20 Misc. Rep. 671; 2 R. C. L. p. 578, § 57; 5 C. J. p. 658, § 89. See, also, 34 Cyc. 657; Waterman on Set-Off, §§ 464, 475. This rule commends itself to us as sound in principle. The doctrine originated in and rests upon the wise policy of adjusting the whole controversy relating to one transaction, one affair, one res, in one suit. It has become more and more a favored doctrine and approved in principle by many legislative enactments, our recoupment statute providing for judgment over for the excess being among them.

[3] It is not in keeping with good practice to have two suits pending side by side; one tried to ascertain the damage due to one party, followed by another trial to ascertain the damage he owes the other, rehashing the same evidence on the merits of the cause. There is a wide difference between set-off and recoupment as applied to demands sounding in damages merely. In set-off there is introduced outside and new controversies wholly unrelated perhaps to the original suit, multiplying issues of fact and of law, with no corresponding good. In recoupment there is merely a complete trial of the issues involved in the transaction.

We are not impressed with the suggestion that the public is interested in such actions, and each should be made to respond for his wrong independent of the other. The argument ignores the fact that the recovery is for the private benefit of the plaintiff, and if he be entitled to punitive damages because of the assault, what benefit does he derive by receiving them with one hand and paying them out with the other on a separate judgment? How is the wrongdoer penalized if he pays one judgment with money recovered in the other? Indeed, after judgment, for both, they may be set off against each other on motion. Code, § 10175. Criminal laws must be relied upon for the promotion of peace and safety. We conclude the demurrers to pleas of recoupment were properly overruled.

Affirmed.

SOMERVILLE, THOMAS, and MILLER, JJ., concur.