(123 So. 215)

ALABAMA POWER CO. v. KENDRICK.
(6 Div. 207.)

Supreme Court of Alabama. June 6, 1929.

As Modified, on Denial of Rehearing,
June 27, 1929.

J. J. Curtis and J. M. Pennington, both of Jasper, for appellee.

BROWN, J. This is an action on the case by the appellee against the appellant for damage to the plaintiff's automobile, and for personal injuries suffered by the plaintiff in a collision between the plaintiff's automobile and the defendant's truck on a public highway.

Some of the counts of the complaint ascribe the plaintiff's injury and damage to the negligence of the defendant's servant or agent, while acting in the line and scope of his employment in the operation of the defendant's truck, in negligently causing or allowing the truck to collide with the plaintiff's automobile, and others ascribe the injury and damage to the wanton conduct of said agent or servant. The defendant's pleas, which were allowed to go to the jury, were the general issue to all counts, and contributory negligence as a defense to the negligence count.

The evidence shows, without dispute, that the plaintiff, who was driving a Ford automobile, was on his way home from Carbon Hill, going in the direction of Eldridge, and that defendant's truck, being driven by Voight, was proceeding in the opposite direc-

Arthur Fite, of Jasper, and Martin, Thompson, Turner & McWhorter, of Birmingham, for appellant.

tion, when the two' came in collision, damaging the plaintiff's car and the truck. As a result of the impact, plaintiff was thrown from his car and suffered personal injuries.

The collision occurred after dark, near 8 o'clock p. m. on July 27, 1927, on a straight stretch of the road which was broad enough to allow three cars to pass, and the evidence offered by the plaintiff tends to show that the truck was being driven without lights, at from 20 to 30 miles per hour; that immediately before the collision the truck turned to the left of the center of the highway, crossing over a ridge of gravel made by the road drag, striking the left wheel and fender of plaintiff's car, which, according to the evidence of plaintiff and his witnesses, was moving along the highway to the right of said ridge with its lights burning.

The defendant offered evidence which tends to show that plaintiff's car was moving down grade, taking a serpentine course in or near the center of the highway, with but one dim headlight, and immediately before the collision turned to the left into the truck; that the plaintiff, who was driving the automobile, was under the influence of liquor. The evidence was in sharp conflict as to the position of the truck and the automobile immediately after the collision. One phase of the evidence tended to show that they were standing apart sufficiently for another car to pass between them, and another phase was to the effect that they were hitched together and had to be moved before other cars were allowed to pass.

■ At the time of the collision one Bolin was riding in the plaintiff's car, and testified as a witness for plaintiff, giving a full and detailed account of what occurred immediately preceding the impact, and on cross-examination defendant was allowed to show that this witness had been drinking during the afternoon, and during the course of his cross-examination the witness testified: "The deputy sheriff did not arrest me up there just about night. Dick Burrows did not arrest me and give me a bond to make, and nobody else arrested me there for being drunk." During the presentation of its evidence, the defendant offered Burrows as a witness, who testified: "I had seen Bob Bolin out from Carbon Hill apiece, late that afternoon." Thereupon defendant's counsel asked the witness: "Had you arrested him that afternoon, and given him a bond to make?" While it was permissible for the defendant to show that Bolin was under the influence of liquor at the time of the collision, and before, as affecting the credibility of his testimony, yet whether or not he was arrested for being drunk was wholly immaterial, and shed no light on the issues or the credibility of the testimony. Rector v. State, 11 Ala. App. 333, 66 So. 857; Ragland v. State, 125 Ala. 12, 27 So. 983.

■ Charge 31, requested by and refused to the defendant, ignores the tendencies of the evidence that as a result of the impact the cars bounced apart, and were not, immediately after the collision, on the same spot they were when they collided, and other tendencies that the cars were moved soon after the collision. It is also faulty in singling out and giving undue prominence to a single part of the evidence, and was refused without error. Postal Tel. Cable Co. v. Jones, 133 Ala. 228, 32 So. 500; Rector v. State, supra; Gilmore v. State, 126 Ala. 37, 28 So. 595; Kennedy v. State, 140 Ala. 1, 37 So. 90.

The defendant's ninth plea avers: "At the time of the accident complained of in the complaint a truck of this defendant was being driven along the public highway in Walker county, Alabama, between Eldridge, in said county, and Carbon Hill, and on said date the plaintiff was driving plaintiff's car in an opposite direction along the same highway, and the plaintiff negligently drove his said car upon or against the said truck of this defendant, and knocked one of the wheels of defendant's truck out of line, and bent and broke the front end of said truck, and the left side thereof, and broke the windshield of said truck, and otherwise injured and damaged said truck of defendant to the extent of $500. Defendant claims of the said plaintiff the sum of $500 as damages to defendant's said truck, because of said negligence of the plaintiff, and defendant claims judgment in recoupment against the plaintiff in this case for said sum of $500 damage so done to its said truck." The court sustained the plaintiff's demurrer to this plea, and this ruling is made the basis of one of the assignments of error.

■ A plea of recoupment, which advances a counterclaim and seeks judgment over, must set forth the defendant's claim with the same certainty in averment as is required in stating a cause of action in a complaint. Berlin Machine Works v. Ewart Lumber Co., 184 Ala. 272, 63 So. 567; J. C. Lysle Milling Co. v. North Ala. Groc. Co., 201 Ala. 222, 77 So. 748.

■■ One of the appellee's contentions is that the averments of the plea show no causal connection between the negligence averred and the injury, and is lacking in averments showing that the injury was proximately caused by the alleged negligence. The averment of the plea in this respect is that "the plaintiff negligently drove his said car upon or against the said truck of this defendant and knocked one of the wheels of defendant's truck out of line," etc. These averments clearly show causal connection between the negligence and the injury, and that the injury to the truck was proximately caused by the plaintiff's negligence. Though the plea does not aver, in terms, that the injury to the truck was proximately caused by the plaintiff's negligence, such averment is unnecessary where affirmative action is alleged, and the averment shows with certainty to a common intent, that the act alleged is the direct

and immediate cause of the injury. B. R., L. & P. Co. v. Fisher, 173 Ala. 623, 55 So. 995, Ann. Cas. 1914A, 887; Vulcan Rivet Corp. v. Lawrence, 214 Ala. 378, 108 So. 3; 45 C. J. 1095, § 668; Alabama Power Co. v. Bass, 218 Ala. 586, 119 So. 625.

██ ██ Another contention of appellee is that it is not permissible to plead damages proximately resulting from the plaintiff's negligence to the defendant, where, as here, the complaint ascribes the plaintiff's injury and damage to the wanton conduct of the defendant, and in support of this contention Alabama Power Co. v. Armour & Co., 207 Ala. 15, 92 So. 111, is cited and relied on. Whatever may be thought as to the soundness of the conclusion reached in that case, it is clear from the opinion that it deals with the plea as one of set-off, and the negligence upon which it was predicated as contributory negligence, as distinguished from initial actionable negligence.

A plea of set-off is purely statutory, and under the rules of law then prevailing, now changed by statute (Code of 1923, § 10180) was a plea of confession and avoidance, while a plea of recoupment rested upon the principles of the common law, and does not confess the plaintiff's cause of action. Merchants' Bank v. Acme Lumber & Mfg. Co., 160 Ala. 435, 49 So. 782; Grisham v. Bodman, 111 Ala. 194, 20 So. 514. Aside from this well-established principle, the statute provides that "a defendant may plead * * * recoupment, although he does not confess the plaintiff's claim or demand, and a verdict and judgment may be rendered on his plea of * * * recoupment, although * * * plaintiff fail as to his entire claim." Code of 1923, § 10180. The clear effect of the statute is to authorize, in the form of plea of recoupment or set-off, a cross-action which stands on its own merit, within the limit of the rules of law governing such plea, that the matter pleaded must arise out of the same transaction as is involved in the plaintiff's complaint, and in no way changes the law of negligence as recognized and declared in our cases.

A plea of contributory negligence, as the terminology implies, like a plea of set-off, is one in confession and avoidance of the plaintiff's cause of action. McCarthy & Baldwin v. L. & N. R. Co., 102 Ala. 193, 14 So. 370, 48 Am. St. Rep. 29; 20 R. C. L. 106, § 92; Watkinds v. Southern Pac. R. Co. (D. C.) 38 F. 711, 4 L. R. A. 239; Linforth v. San Francisco Gas. Co., 156 Cal. 53, 103 P. 320, 19 Ann. Cas. 1234. Therefore it is clear that the holding in Alabama Power Co. v. Armour & Co., supra, is not an apt authority sustaining the ruling of the court on the demurrers to the defendant's plea of recoupment.

This plea, as we have shown, not being a plea in confession and avoidance of the plaintiff's case, is predicated on actionable negligence, and not on defensive contributory negligence, and the fact that the complaint charges wantonness, not confessed by the plea of recoupment, can have no influence in determining the sufficiency of the plea. In the recent case of Brown v. Patterson, 214 Ala. 351, 108 So. 16, 47 A. L. R. 1093, it was ruled that the defendant, in an action for assault and battery, could plead in recoupment, damages suffered by him in the same fight. It was there observed: "The doctrine originated in and rests upon the wise policy of adjusting the whole controversy relating to one transaction, one affair, one res, in one suit. It has become more and more a favored doctrine, and approved in principle by many legislative enactments; our recoupment statute, providing for judgment over for the excess, being among them."

The principle was early recognized as a doctrine of the common law, and it has been repeatedly held that the fact that the plaintiff sues in tort is no reason why a plea of recoupment should not be allowed, so as to settle and adjust the whole litigation arising out of the same matter in one suit. 24 R. C. L. 814, § 20; Carey v. Guillow, 105 Mass. 18, 7 Am. Rep. 494; Gutzman v. Clancy, 114 Wis. 589, 90 N. W. 1081, 58 L. R. A. 744; Powell v. Powell, 160 Wis. 504, 152 N. W. 168, Ann. Cas. 1917D, 113. The doctrine was applied without question in Ewing & Sons v. Shaw & Co., 83 Ala. 333, 3 So. 692, where the plaintiff sued liveryman for the negligence of the driver of a hired team in destroying plaintiff's samples used in taking orders for merchandise, and the defendant was allowed to recoup the damages arising from the negligence of plaintiff's agent in causing the horses to be driven in a swollen stream, as a result of which one of the horses was drowned.

In Heigle v. Willis, 50 Hun (N. Y.) 588, 3 N. Y. S. 497, the doctrine was applied in an action of tort predicated on a collision of the vehicles of the plaintiff and defendant on a highway. See, also, Hackney v. Fetsch, 123 Minn. 447, 143 N. W. 1128; McArthur v. Green Bay & M. Canal Co., 34 Wis. 139; Pacific Express Co. v. Malin, 132 U. S. 531, 10 S. Ct. 166, 33 L. Ed. 450; note 3 Ann. Cas. 486. We are unable to discover any sound, logical, or legal reason that will justify denying to the defendant the right to plead in recoupment any damage suffered by it as a proximate consequence of plaintiff's negligence, resulting in the collision between plaintiff's automobile and the defendant's truck, and we are constrained to hold that the court erred in sustaining the demurrer to defendant's plea 9.

██ The nature and sufficiency of the plea must be adjudged by the substance of its averments, and not by its address, and notwithstanding it is addressed "to the complaint and each count thereof," if that be ground for criticism, it is nevertheless a plea of recoupment, asserting a counterclaim to that pleaded by the plaintiff.

However, inasmuch as the issues, submitted to the jury, under the plea of contributory negligence, some of which charged that "said plaintiff negligently drove the said car upon or against this defendant's truck," involved the inquiry as to whether or not the plaintiff was guilty of negligence in the same respect as charged in the plea of recoupment as proximately contributing to his injury, the verdict in his favor necessarily determined that he was not guilty of negligence in this respect. The ruling on the demurrer to plea 9 was therefore error without injury.

The record being free from reversible error, the judgment will be affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE, J., are of opinion that the demurrers to plea 9 were properly sustained. As to other matters they agree with the opinion.

GARDNER, J., is of opinion that it is unnecessary to pass on the question presented by plea 9; otherwise, he concurs in the foregoing opinion.

THOMAS and BOULDIN, JJ., concur in the opinion, except as indicated by the concurring opinion of Bouldin, J.

FOSTER, J., not sitting.

BOULDIN, J. (concurring). Originally recoupment was merely defensive, went in reduction of plaintiff's claim, and, if equal to or greater than plaintiff's demand, defeated the action. Waterman on Set-Off, § 460; Merchants' Bank v. Acme Lumber Co., 160 Ala. 435, 49 So. 782; Grisham v. Bodman, 111 Ala. 194, 20 So. 514.

As early as the Code of 1886 (section 2683) this rule was changed by statute to allow a judgment over for the excess. Code 1923, § 10179. This avoided splitting defendant's cause of action with consequent loss, if greater than that of plaintiff. In the Code of 1923 a new section is inserted as follows (section 10180):

"Verdict and judgment on a plea of set-off or recoupment.—A defendant may plead set-off or recoupment, although he does not confess the plaintiff's claim or demand, and a verdict, and judgment may be rendered on his plea of set-off and recoupment, although the plaintiff fail as to his entire claim."

Whatever may have been the rule theretofore as to whether a plea of recoupment admitted plaintiff's cause of action, certainly this statute contemplates a cross-action at law, wherein defendant may deny and defeat the plaintiff's demand, and recover in full for his own claim, if it be one pleadable in recoupment. The case of Brown v. Patterson, 214 Ala. 351, 108 So. 16, 47 A. L. R. 1093, dealing with assault and battery cases, proceeded on the ground that in that class of action both the participants in an affray may have a good cause of action against each other.

In negligence cases no right of action can arise in favor of both. The contributory negligence of the plaintiff defeats his right of action, but does not give defendant a right of action for injury received by him, due to the negligence of both parties. Brown v. Patterson, supra, cannot, therefore, be regarded as authority for a plea of recoupment in negligence cases, such as automobile collisions, except in one respect. It recognizes the plea of recoupment in cases of tort, although the cause of action sounds in damages merely. In this regard that case is in harmony with the all-prevailing rule, as appears in note following report of the same case in 47 A. L. R. 1093.

Strong reasons suggest the settlement of all issues arising in one transaction in one suit. If it cannot be done, it is suggestive of inefficiency in our system of jurisprudence. Since our statute (Code, § 10180, supra) expressly authorizes a cross-action under a plea of recoupment, a plea not admitting plaintiff's demand, but setting up that plaintiff is in fact liable to defendant in assumpsit or in tort arising out of the same transaction sued upon, is there any necessity for a separate suit, by each party claiming the other to be at fault?

One suggestion is that it would lead practically to an adoption of the doctrine of comparative negligence, not sanctioned by our law. We see no occasion for such apprehension. The statute, whose legitimate effect is to open up for litigation in one suit cross-demands, without admission by either of the other, does not at all change the law of negligence nor wantonness as applied to the demand of either. The issues, when properly made up, could, in our judgment, be very clearly submitted in charge to the jury, and duly considered in collision cases such as this.

If the negligence of defendant was the proximate cause of the injury to plaintiff, no contributory negligence being pleaded and proven, the plaintiff should recover his damages. Likewise, in the cross-action by plea of recoupment, if plaintiff's negligence was the proximate cause of injury to defendant in the same transaction, no contributory negligence appearing on his part, the defendant should recover in recoupment the damages suffered by him. If both are guilty of negligence proximately contributing to their respective injuries, neither can recover.

In case of wantonness, set up on either side, if proven, the contributory negligence of the other would be no defense.

Conceivably, but not very likely, wantonness may appear to have characterized the the conduct of both parties. What then? Elementary principles easily suggest themselves. No one can justify his own wanton act by like wrongful conduct of another.

Such case is quite analogous in principle to an assault and battery case involving an affray. If wantonness be found on the part of both, the jury should consider all the circumstances, the extent of injury suffered by each, and render such verdict as shall mete out justice in the particular case.

Pleas in recoupment under the statute should be so addressed as not to infringe upon the rule as to sufficiency of pleas addressed to particular counts of the complaint. Thus, a plea of recoupment, setting up negligence on the part of the plaintiff, should not be addressed as in "answer to" or "in bar" of a wanton count. Only the general issue is a good answer to such count. Defendant pleads "specially by way of recoupment" avoids any trouble of this sort. Probably plea 9 in the present case is subject to infirmity, because purporting to be in "answer" to wanton counts.

I am convinced that, since the enactment of Code, § 10180, there is no obstacle in law nor sound reason to the settlement of the rights of both parties in a collision case in one suit. A and B have a collision of their cars. A, laying the blame on B, sues him for damages. B, in turn, files another suit against A, laying the fault to him. A's suit comes to trial. All the facts are developed, and the jury finds for B, the defendant. Unless a plea of recoupment is allowable, another jury must be impaneled to try precisely the same facts, to determine whether defendant in the first trial has a good cause of action, a matter directly related to the question already passed upon, but because of the inadequacy of legal forms, another trial must be had.

This is not in keeping with that efficiency which is the mark of all progress.

THOMAS, J., concurs in the foregoing.