243 So.2d 34

Van Williams MARAMEN

v.

Carl Albert THOMPSON.

4 Div. 21.

Court of Civil Appeals of Alabama.

Jan. 6, 1971.

Tipler, Fuller & Melton, Andalusia, for appellant.

Merrill & Harrison, Dothan, for appellee.

THAGARD, Presiding Judge.

This is an appeal from a judgment of the Circuit Court of Houston County overruling appellant's demurrer to appellee's plea in abatement to appellant's complaint seeking damages in negligence and wantonness counts for personal injuries, allegedly sustained in a collision of the vehicle being operated by appellant with one being operated by appellee. Appellant's suit was filed on April 1, 1970. Prior thereto, on November 13, 1968, appellee had filed in the same court a suit against appellant and one Ray Tisdale claiming damages growing out of the same collision described in appellant's suit.

In the first paragraph of appellant's written argument he says:

"This is a case of first impression in Alabama according to the textbook writers. The only real question before the court is: Can a defendant, in an action for personal injuries refuse to plead in recoupment and later maintain a separate, subsequent and independent action for his own injuries sustained in the same collision?"

We have found no Alabama statute and no Rule of Practice that says he cannot. But we note that the Alabama statute that authorizes setting-off or recouping debts and liquidated or unliquidated demands reads that they *may* be set-off one against the *other* by the defendant or his personal representative, and not that they *must* be set-off (emphases supplied). Tit. 7, § 350, 1940 Code of Alabama.

Our research has turned up no Alabama case directly in point, but there is one Alabama case, A. B. C. Truck Lines v. Kenemer, 247 Ala. 543, 25 So.2d 511, cited by appellee, that indicates by way of dicta that the answer to appellant's question is affirmative.

In the *A. B. C.* case, supra, as in this case, there was a collision between two trucks. Kenemer filed a suit in a court of competent jurisdiction in Georgia against the A. B. C. Truck Lines for damages to his truck. The insurance carrier for A. B. C. employed counsel, as they were authorized to do, who made an appearance for A. B. C.; joined issue on Kenemer's complaint; a jury was impanelled; and a verdict returned for Kenemer and against A. B. C. in the amount of $250 and costs and judgment was rendered accordingly.

Later, A. B. C. brought suit in Jefferson County, Alabama, against Kenemer for damages suffered in the same collision upon which the Georgia judgment was predicated, the action being based on the alleged negligence of Kenemer's truck driver. Kenemer interposed a plea of res judicata, to which plaintiff demurred and the trial court overruled. The plaintiff then filed replications, to which demurrers were sustained and because of these adverse rulings the plaintiff nonsuited and appealed. The Supreme Court held that the plea of res judicata was good and affirmed. But in its opinion the court, apparently approvingly, quoted from 2nd Black on Judgments as follows:

"In further expounding the principle, the same treatise takes note of the apparent conflict of the foregoing rule with the equally important rule that a counterclaim or independent cause of action arising out of the same transaction not inconsistent with the plaintiff's claim need not be presented as a defense, but may be reserved as a basis for a future action." (247 Ala. at page 547, 25 So. 2d at page 514)

Later, in the *A. B. C.* opinion, supra, the court said:

"Corpus Juris, in analyzing the principle, announces a similar result, to-wit: 'Where separate causes of action accrue to the parties out of the same transaction or state of facts, cross actions may be maintained, and neither will bar the other, unless the facts necessary to authorize a recovery in one action are contrary to, or inconsistent with, those required to sustain a judgment in the other.' 34 C.J. 867, § 1279.

"Also, to like effect is the following: 'As a general rule, where a defendant has an independent claim against plaintiff, such as might be either the basis of a separate action or might be pleaded as a set-off or counterclaim, he is not obliged to plead it in plaintiff's action, although he is at liberty to do so, and if he omits to set it up in that action, or if, although he introduces it in evidence in rebuttal of plaintiff's demand, it is not used as a set-off or counterclaim, this will not preclude him from afterward suing plaintiff upon it, in the absence of some statute to the contrary. * * *.'" (247 Ala. at page 547, 25 So.2d at page 514)

In Seager v. Foster, 185 Iowa 32, 169 N.W. 681, 8 A.L.R. 690, a case on factual all-fours with our case, the Supreme Court of Iowa held that a defendant in an action for damages for injuries arising out of an automobile collision is not bound, in order to protect his claim for injuries growing out of the collision, to set it up by way of set-off or counterclaim in that action, but may maintain an independent action to recover his damages; and that a plea in abatement that another suit was pending was properly overruled.

The Supreme Court of Tennessee in Hubbs v. Nichols, 201 Tenn. 304, 298 S.W. 2d 801, decided in 1956, held that a pending suit filed in the Federal District Court by one of the parties in an automobile collision case did not preclude the defendant therein from filing and maintaining in the state court an action for his damages growing out of the same collision.

In the case of Kaplan v. Coleman, 180 Ala. 267, 272, 60 So. 885, 886, Mr. Justice Somerville, speaking for the court, said:

"A plea in abatement because of another suit pending bears a strong

analogy to a plea of res judicata, and a fair test of its sufficiency is whether a final judgment or decree in the prior suit would be conclusive between the parties and operate as a bar to the second. * * *"

The appellee stoutly contends that a final judgment in the first filed suit would meet the test laid down by Mr. Justice Somerville. We do not think that is necessarily true.

Our research in general on the matter of res judicata and estoppel by judgment discloses much confusion and didactical discussion as to how they are to be applied in tort cases. They become so involved in opinions as to what constitutes the same cause of action or whether such actions are founded on the same claim or the same cause of action as to appear to present insoluble conflicts. The problem is further complicated by the marked distinction in this state between tort actions based upon simple negligence and wanton conduct and what defenses are available to each form of action.

It is clearly permissible that pleas of recoupment may be filed in any case though sounding in damages merely. Alabama Power Co. v. Kendrick, 219 Ala. 692, 123 So. 215; Brown v. Patterson, 214 Ala. 351, 108 So. 16. In the absence of a provision in our statutes, it is equally clear the filing of such plea is not mandatory. It is without question desirable for good practice and efficient disposition of claims that all issues, claims and matters arising out of one transaction be disposed of in one trial, but such requirement in this state must come from legislative action.

Mr. Justice Bouldin in Brown v. Patterson, supra, stated as follows: "It is not in keeping with good practice to have two suits pending side by side; one trial to ascertain the damage due to one party, followed by another trial to ascertain the damage he owes the other, rehashing the same evidence on the merits of the cause; * * *"

In a concurring opinion in Alabama Power Co. v. Kendrick, supra, Mr. Justice Bouldin stated it another way, as follows: "Strong reasons suggest the settlement of all issues arising in one transaction in one suit. If it cannot be done, it is suggestive of inefficiency in our system of jurisprudence."

In spite of the above quoted principles and that of Mr. Justice Somerville in Kaplan v. Coleman, supra, we hold that the filing of a plea of recoupment in the instant case is not mandatory and failure to do so is not basis for abatement of the second suit filed by appellant.

Whether judgment in either suit would be a bar to the prosecution of the other, would depend upon the issues raised by the pleadings and the determination of those issues on the merits. Though final judgment in one might not be so conclusive as to be a bar to the prosecution of the other in its entirety, there could arise an estoppel by judgment as to specific rights or facts distinctly put in issue and directly determined by the judgment. Bell v. Jones, 223 Ala. 497, 136 So. 826. The application of the principles of res judicata and/or estoppel by judgment in the future progress of this matter is not for determination here. In the event of necessity of such application, we recommend study of A. B. C. Truck Lines v. Kenemer, supra; Bell v. Jones, supra; Crowson v. Cody, 215 Ala. 150, 110 So. 46; Gulf American Fire & Casualty Co. v. Johnson, 282 Ala. 73, 209 So.2d 212.

We have carefully read all of the Alabama decisions cited by appellee. None of them is applicable to this case. Most, if not all, of the out-of-state decisions cited by appellee were based upon statutes or rules of practice promulgated by an appellate court.

We hold that appellant here was not required to plead his counterclaim in the first suit in order to preserve his rights, and that the trial court erred to reversal in overruling appellant's demurrer to appellee's plea in abatement.

Reversed and remanded.