271 So.2d 243

Stanley B. MAXCY, Jr.

v.

Stanley Wayne TWILLEY.

SC 17.

Supreme Court of Alabama.

Dec. 21, 1972.

682

Robert Straub, Decatur, for appellant.

John C. Eyster, Decatur, for appellee.

MADDOX, Justice.

Appellant, Stanley B. Maxcy, Jr., filed suit against appellee, Stanley Wayne Twilley, his complaint, as amended, charging negligence and wantonness, arising out of an automobile accident occurring on September 14, 1970. After Twilley's demurrer to Maxcy's complaint was overruled, Twilley filed pleas of the general issue, res judicata and estoppel, alleging that he (Twilley) had filed suit against Maxcy charging Maxcy with negligent and wanton misconduct as a result of the same accident and that the jury had returned a verdict in his favor in the amount of $56,000.

Maxcy's demurrer to Twilley's pleas of res judicata and estoppel were overruled and Maxcy took a nonsuit and perfected this appeal.

The only question presented is whether Maxcy is barred or estopped from suing Twilley for negligence or wantonness in this action, which arose out of the same automobile accident, which was the basis for Twilley's judgment of $56,000 against Maxcy. We are of the opinion that Maxcy is barred or estopped to maintain his negligence count, but is not barred or estopped to maintain his wanton count.

As a general rule, where a defendant has an independent claim against the plaintiff, such as might be either the basis of a separate action or might be pleaded as a set-off or counterclaim, he is not obliged to plead it in plaintiff's action, although he is at liberty to do so, and if he omits to set it up in that action, or if, although he introduces it in evidence in rebuttal of plaintiff's demand, it is not used as a set-off or counterclaim, this will not preclude him from afterward suing plaintiff upon it, in the absence of some statute

**684**

to the contrary. A. B. C. Truck Lines v. Kenemer, 247 Ala. 543, 25 So.2d 511 (1946). But the rule does not apply where the subject matter of the set-off or counterclaim was involved in the determination of the issue in the former action in such wise that the judgment therein necessarily negatives the facts on which defendant would have to rely in order to establish his demand. This principle is applicable to the negligence count,[1] because a right of recovery could never accrue to both parties. As this court said in A. B. C. Truck Lines v. Kenemer, supra:

"* * * Negligence of both parties and absence of negligence of either would preclude a recovery and there can only be a recovery where one such party to an automobile collision is guilty of actionable negligence and the other is not so negligent.

"Any different conclusion would open the door in all such cases for the possibility of two separate damage suits from the same collision should the defendant in the first suit elect not to tender the issue of the contributory negligence of the adversary party, but should defer to claim it in a second action against him. It could arise, under such a status, that each party, when plaintiff, might recover against the other for negligence in the same accident. It is apodictic that neither logic nor sound doctrine could countenance such an anomaly where, as in Alabama, the contributory negligence of the defendant, when properly pleaded and proven, is a defense to such an action. * * *"

■ Consequently, Maxcy is precluded, under the doctrine of the A. B. C. Truck Lines case, from maintaining a negligence action against Twilley which arises out of the same transaction on which Twilley's negligence action was based and in which

Twilley received a judgment in his favor. The trial court did not err in overruling the demurrer to the pleas of res judicata and estoppel insofar as the negligence count is concerned.

■ We now come to the wanton count. Using the general rule set out above, in A. B. C. Truck Lines, supra, a defendant in one action is not foreclosed from maintaining a separate claim unless (1) a statute requires the claim to be asserted in the first action or (2) the subject matter of the set-off or counterclaim was involved in the determination of the issue in the former action in such wise that the judgment therein necessarily negatives the facts on which the defendant would have to rely in order to establish his demand.

■ On the first point, there is no statutory authority which makes a plea of recoupment or set-off mandatory. Title 7, § 350, Code, 1940 (Recomp.1958) allows certain debts and demands to be set off by a defendant, but there is no mandatory requirement that such claims have to be presented. See Maramen v. Thompson, 46 Ala.App. 377, 243 So.2d 34 (1971).

Had Maxcy sought to file a plea of recoupment to recover damages proximately resulting from the wanton misconduct of Twilley in the other action, there is no question but that the plea should have been allowed. See Brown v. Patterson, 214 Ala. 351, 108 So. 16 (1926).

It seems equally clear that the filing of such a plea is not mandatory. Maramen v. Thompson, supra.

■■ Mr. Justice Bouldin, in Brown v. Patterson, supra, and in Alabama Power Co. v. Kendrick, 219 Ala. 692, 123 So. 215 (1929), strongly suggested the settlement of all issues arising in one transaction in one suit. We agree with Mr. Justice Boul-

---

1. We do not discuss whether the $56,000 verdict was referrable to the negligence or wanton count in the Twilley v. Maxcy suit. The verdict was general and was referable to any good count which was supported by the evidence. For the purpose of this case, we assume the verdict could have been referable to either count in the Twilley v. Maxcy suit.

din who wrote the following in Brown v. Patterson, supra:

"It is not in keeping with good practice to have two suits pending side by side; one tried to ascertain the damage due to one party, followed by another trial to ascertain the damage he owes the other, rehashing the same evidence on the merits of the cause. There is a wide difference between set-off and recoupment as applied to demands sounding in damages merely. In set-off there is introduced outside and new controversies wholly unrelated perhaps to the original suit, multiplying issues of fact and of law, with no corresponding good. In recoupment there is merely a complete trial of the issues involved in the transaction."

The result we reach with regard to the wanton count is required by application of our law. Twilley's recovery in this action did not negative Maxcy's claim that Twilley was guilty of wantonness. Wantonness of the plaintiff would not justify the defendant in wantonly injuring him. L & N R. R. Co. v. Orr, 121 Ala. 489, 26 So. 35 (1898); Davis v. Smitherman, 209 Ala. 244, 96 So. 208 (1923); Central of Georgia Ry. Co. v. Partridge, 136 Ala. 587, 34 So. 927 (1902); Foreman v. Dorsey Trailers, 256 Ala. 253, 54 So.2d 499 (1951); Thrasher v. Darnell, 275 Ala. 570, 156 So. 2d 922 (1963).

We hold that the filing of a plea of recoupment on the wanton count was not mandatory and the failure of Maxcy to do so would not bar or estop him from maintaining his present action on the wanton count.

The trial court erred in overruling the demurrer of the plaintiff Maxcy to the defendant Twilley's pleas of res judicata and estoppel to the wanton count and the cause is due to be reversed and remanded to the trial court for proceedings not inconsistent with this opinion.

Reversed and remanded.

HEFLIN, C. J., and MERRILL, HARWOOD and FAULKNER, JJ., concur.